UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LINDA SPRINGER, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 3:10-CV-275 RM |
| ) | |
| WAL-MART CORPORATE OFFICE ) | |
| and LARRY SCHOUMARCHER, ) | |
| Manager, ) | |
| ) | |
| Defendants ) | |

OPINION and ORDER

Wal-Mart removed this action from state court in July, even though plaintiff Linda Springer and defendant Larry Schoumarcher both are citizens of Indiana. The court ordered Wal-Mart to file an amended notice of removal or to file a brief in support of its notice of removal. Wal-Mart has done so, Ms. Springer has responded, and Wal-Mart replied.

This court has a duty to ensure it has jurisdiction over this case. Craig v. Ontario Corp., 543 F.3d 872, 875 (7th Cir. 2008). In a case involving Indiana state law, the court also has a duty to apply Indiana law as Indiana state courts would apply it. *See* Home Valu, Inc. v. Pep Boys, 213 F.3d 960, 963 (7th Cir. 2000); Klunk v. County of St. Joseph, 170 F.3d 772, 777 (7th Cir. 1999). Federal district court opinions may be persuasive, but they aren't binding under these circumstances.

Wal-Mart argues that Wal-Mart store manager Larry Schoumarcher was fraudulently joined to this slip and fall negligence case to destroy diversity

jurisdiction. Mr. Schoumarcher filed an affidavit stating he wasn't working when the alleged slip and fall happened, so he had nothing to do with the incident. Wal-Mart has identified no Indiana case law to show this court that Indiana courts would interpret Indiana law to exonerate Mr. Schoumarcher from any liability in this case.

Ms. Springer argues that Indiana law is unsettled as to whether a store manager can be properly joined as a party based on premise owner's duties towards invitees. She cites <u>Antonio v. Wal-Mart</u>, 2007 WL 2884381 (S.D. Ind. 2007), for this proposition. Federal district court opinions can only have persuasive value, but Ms. Springer's argument concerning Indiana law is unpersuasive. <u>Antonio v. Wal-Mart</u> is quite different from the run of the mill slip and fall case because it involved a child's death from a falling unsecured mirror in a Wal-Mart store. *See* <u>id.</u> at *2.

Because neither party has placed persuasive authority before the court concerning Indiana negligence law and store managers' duties toward invitees, the court can't conclude that Ms. Springer has "no chance of success" against Mr. Schoumarcher. *See* <u>Poulos v. Naas Foods, Inc.</u>, 959 F.2d 69, 73 (7th Cir. 1992). Federal courts respect plaintiffs' choices of forum unless it can be shown that a plaintiff has illegitimately attempted to destroy diversity jurisdiction. *See* <u>Schur v. L.A. Weight Loss Centers, Inc.</u>, 577 F.3d 752, 763 (7th Cir. 2009).

Therefore, because Ms. Springer chose state court as her forum, because no party has demonstrated that Indiana law has a conclusive answer one way or

the other about Mr. Schoumarcher's potential liability, and because Wal-Mart hasn't shown that Mr. Schoumarcher can't be held liable under Indiana law, this court now remands this case to state court.

It is ORDERED that this case be remanded to its original state court forum. Because the court has determined it doesn't have jurisdiction to hear this case, all outstanding motions are DENIED because their resolution lies outside this court's jurisdiction [Doc. No. 23]. The preliminary pretrial conference date of August 23, 2010 before Magistrate Judge Christopher A. Nuechterlein is hereby VACATED.

SO ORDERED.

ENTERED: August 17, 2010

/s/ Robert L. Miller, Jr.
Judge
United States District Court